BENNETT JACOBSON

*v.*

SAMUEL GUNZBURG.

*Filed at Ottawa May 8, 1894.*

1. EVIDENCE—*held not prejudicial.* In an action upon notes and checks made in the name of Bennett Jacobson, where the controversy on the trial was whether Jacob and Morris Jacobson were authorized to execute the notes and checks, a witness was asked, "Do you know of any notes signed by Jacob, in defendant's name, that were paid by defendant?" The answer was: "Not that I know of. I know of such checks drawn on Bennett's bank at Grand Lodge, which were paid." The suit was abandoned as to the checks: *Held,* that the answer in no way prejudiced the defendant.

2. In the same case a witness was asked, "Do you know whether Jacob Jacobson had authority to sign Bennett Jacobson's name to commercial paper:" *Held,* that while it might have been better if the question had been confined to the notes and checks, yet there was no substantial error, as the form of the question could do the defendant no injury.

3. INSTRUCTIONS—*need not be repeated.* Where refused instructions contain correct propositions of law, yet if the instructions given contain all the law necessary for the jury to arrive at a correct verdict, there will be no error.

4. NEW TRIAL—*for cumulative and impeaching evidence.* As a general rule, new trials are not allowed to enable the production of newly discovered evidence which is merely cumulative, and in the nature of impeaching evidence.

5. PRACTICE IN THE SUPREME COURT—*immaterial questions not considered.* This court will not consider the propriety of a question to a witness, when the answer thereto is in no manner prejudicial to the party objecting to the same.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. BLUM & BLUM, for the plaintiff in error.

Messrs. McMURDY & JOB, for the defendant in error.

Per CURIAM:   This was an action of assumpsit, brought by Samuel Gunzburg, against Bennett Jacobson, to recover the amount of two certain promissory notes and five checks which were executed in his name.   Two of the checks were executed by Morris Jacobson, a brother of the defendant.   The balance of the checks and notes were executed in the name of Bennett Jacobson, by his brother, Jacob Jacobson.   The only controversy in the circuit court was, whether Morris and Jacob Jacobson were authorized by the defendant, Bennett Jacobson, to execute the notes and checks.   In the circuit court the plaintiff recovered $4215.41, the full amount of the notes and checks, but the plaintiff remitted $1093.85, the amount of the checks, and judgment was rendered for the amount of the notes, $3121.56.   This judgment, on appeal, was affirmed in the Appellate Court, and the defendant has sued out this writ of error, claiming that the circuit court erred in the admission of evidence and in the instructions to the jury.

In the deposition of William Houseman the plaintiff asked the witness the following question:   "Do you know of any notes signed by Jacob, in defendant's name, that were paid by defendant?"   It is objected that this question was too general.   Without stopping to determine whether the question was formal or informal, upon a reference to the answer of the witness it is apparent that the defendant's case was in no manner prejudiced by the question.   The witness answered:   "Not that I know of.   I know of such checks drawn on Bennett's bank at Grand Lodge, which were paid."   The answer in reference to the checks could do no harm, as the case was finally abandoned as to the checks and no recovery had on account of the checks, and as to the notes the witness had no knowledge on the subject.   It is thus apparent that no damage resulted to the defendant by the question, conceding it to be informal.

It is also claimed that the following question propounded to the witness Charles W. McAllister was improper:   "Do you

know whether Jacob Jacobson had authority to sign Bennett Jacobson's name to commercial paper?" Perhaps it would have been better if the question had been confined to the notes and checks, but at the same time, the notes and checks involved in the controversy were commercial paper, and we fail to see how the form of the question could do the defendant any injury.

The defendant requested the court to give six instructions, which the court refused, but prepared a like number of its own motion and gave them to the jury, and the action of the court is relied upon as error. We have carefully examined the instructions refused and those given, and while some of those refused contained correct propositions of law, it is manifest the instructions given contained all the law necessary for the jury to enable them to arrive at a correct verdict. Counsel, in their argument, find fault with some of the instructions which the court gave to the jury, but we find no substantial objection to them. The only question of any importance before the jury was, whether those who signed the name of the defendant to the notes and checks were authorized to do so. The issue involved was so plain and simple that the jury required but few instructions. These were given, and we find no error in the record so far as instructions are concerned.

The defendant entered a motion for a new trial on the ground of newly discovered evidence, which the court overruled. The newly discovered evidence was in the nature of impeaching testimony, and merely cumulative. New trials are not, as a general rule, allowed to enable the production of such evidence. *Knickerbocker Ins. Co.* v. *Gould,* 80 Ill. 395 ; *Abrahams* v. *Weiller,* 87 id. 179.

Perceiving no substantial error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*